IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BOARDMAN | : | |
| | : | CIVIL ACTION |
| **Plaintiff** | : | |
| v. | : | NO.: 2:13-CV-01499-PD |
| | : | |
| CITY OF PHILADELPHIA, OFFICER SMITH BADGE NO. UNKNOWN, BROWN'S SUPER STORES, INC. and OFFICER JOHN DOE BADGE NO. UNKNOWN | : | TRIAL BY JURY DEMANDED |
| **Defendants** | : | |

## DEFENDANT'S, BROWN'S SUPER STORES, INC., ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Brown's Super Stores, Inc., by and through its attorneys, McBreen & Kopko, hereby states as follows by way of Answer to plaintiff's Complaint.

1. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

2. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

3-8. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and hence, they are denied.

9. Admitted.

10. Admitted

11. Denied as a conclusion of law.

## JURISDICTION AND VENUE

12. Denied as a conclusion of law.

13. Denied as a conclusion of law.

14. Denied as a conclusion of law.

15. Denied as a conclusion of law.

## FACTUAL BACKGROUND

16. Admitted.

17. Denied as stated. It is admitted that plaintiff entered the store at some point on August 9, 2012.

18. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

19. Denied as stated. It is admitted that plaintiff picked up a box of parchment paper bags.

20. Denied as stated. It is admitted that plaintiff opened a box of parchment paper bags and, in so doing, ruined the box such that it could not be sold by the store.

21. Denied as stated. It is admitted that plaintiff placed the box back on the shelf after opening it and damaging it.

22. Denied as stated. It is admitted that plaintiff continued shopping after opening the box of parchment paper bags.

23. Admitted.

24. Admitted.

25. Denied as stated. It is admitted that plaintiff was taken to a security office. It is specifically denied that there was a fourth individual, a man dressed as a security guard present in the room.

26. Denied as stated. It is admitted that plaintiff was asked by a store employee whether she had opened a box of parchment bags.

27. Admitted.

28. Denied as stated. It is admitted that plaintiff was advised by store employees that she had damaged private property and that the item in question could no longer be sold.

29. It is specifically denied that store employees advised plaintiff that she had committed a crime.

30. Denied.

31. Admitted.

32. Admitted.

33. Denied as stated. It is admitted that store employees advised plaintiff that they were requesting that she sign a Loss Prevention Incident Report.

34. Denied as stated. It is admitted that store employees advised plaintiff that she needed to complete the entire Loss Prevention Incident Report form.

35. Denied as stated. It is admitted that plaintiff advised store employees that she did not wish to complete the entire Loss Prevention Incident Report form.

36. Denied.

37. Denied.

38. Denied as stated. It is admitted that plaintiff advised store employees that she did not wish to complete the entire Loss Prevention Incident Report form.

39. Denied.

40. Denied as stated. It is admitted that at some point plaintiff attempted to leave the office.

41. It is specifically denied that any store employees advised plaintiff that if she tried to leave she would be stopped physically.

42. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

43. Denied as stated. It is admitted that Philadelphia police officers came to the store and entered the security office.

44. Denied as stated. It is admitted that there were two Philadelphia police officers who came to the store and entered the security office.

45. Admitted.

46. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

47-48. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and hence, they are denied.

49. Denied as stated. It is admitted that one of the police officers asked plaintiff to stand up at some point.

50-51. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in these paragraphs and hence, they are denied.

52. Denied as stated. It is admitted that a struggle occurred between plaintiff and one of the Philadelphia police officers. The struggle was instigated by plaintiff.

53. Denied as stated. It is admitted that a struggle occurred between plaintiff and one of the Philadelphia police officers. The struggle was instigated by plaintiff.

54. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

55. It is admitted that one of the police officers took out a Taser and pointed it at plaintiff.

56. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

57. Denied as stated. It is admitted that plaintiff intentionally got down on the floor with her stomach touching the floor.

58. Denied as stated. It is admitted that at some point in time a Philadelphia police officer placed handcuffs on plaintiff.

59. Denied as stated. It is admitted that the female employee left the office at some point in time.

60. Denied as stated. It is admitted that plaintiff was handcuffed at some point by a Philadelphia police officer while she was in the security office.

61. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

62. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

63. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

64. Denied as a conclusion of law.

65. Denied as a conclusion of law

66. Denied as a conclusion of law.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT:**
**EXCESSIVE USE OF FORCE**
**Plaintiff Boardman v. Defendant Officer Smith**

67. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 66 inclusive as though the same were here set forth fully and at length.

68-74. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

### COUNT II
### VIOLATION OF THE FOURTH AMENDMENT:
### FALSE ARREST
### Plaintiff Boardman v. Defendant Officers Smith & Doe

75. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 74 inclusive as though the same were here set forth fully and at length.

76-84. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

### COUNT III
### MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES, AND CUSTOMS
### Plaintiff Boardman v. Defendant City of Philadelphia

85. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 84 inclusive as though the same were here set forth fully and at length.

86-90. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent

that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT IV
### MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING & SUPERVISION
### Plaintiff Boardman v. Defendant City of Philadelphia

91. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 90 inclusive as though the same were here set forth fully and at length.

92-97. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT V
### ASSAULT & BATTERY UNDER PENNSYLVANIA STATE LAW
### Plaintiff Boardman v. Defendant Smith

98. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 97 inclusive as though the same were set forth fully and at length.

99-103. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent

that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT VI
**FALSE IMPRISONMENT UNDER PENNSYLVANIA STATE LAW**
**Plaintiff Boardman v. Defendants, Smith, Doe, & Brown's Super Stores, Inc.**

104.  The answering defendant incorporates by reference herein its answers to paragraphs 1 through 103 inclusive as though the same were here set forth fully and at length.

105-107.  To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations.  To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT VII
**FALSE ARREST UNDER PENNSYLVANIA STATE LAW**
**Plaintiff Boardman v. Defendant Officers Smith and Doe**

108.  The answering defendant incorporates by reference herein its answers to paragraphs 1 through 107 inclusive as though the same were here set forth fully and at length.

109-111.  To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering

defendant is advised that no further answer is required to said allegations. To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT VIII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER PENNSYLVANIA STATE LAW
**Plaintiff Boardman v. All Defendants**

112. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 111 inclusive as though the same were here set forth fully and at length.

113-116. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT IX
### CONSPIRACY
**Plaintiff Boardman v. All Defendants**

117. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 116 inclusive as though the same were here set forth fully and at length.

118-121. To the extent that the allegations contained in these paragraphs are addressed to defendants other than the answering defendant herein, the answering defendant is advised that no further answer is required to said allegations. To the extent that the allegations contained in these paragraphs are addressed to the answering defendant, they are denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT X
## CORPORATE LIABILITY
### Plaintiff Boardman v. Defendant Brown's Super Stores, Inc.

122. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 121 inclusive as though the same were here set forth fully and at length.

123. Denied.

124. Denied.

125. Denied

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT XI
## NEGLIGENT HIRING
### Plaintiff Boardman v. Defendant Brown's Super Stores, Inc.

126. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 125 inclusive as though the same were here set forth fully and at length.

127. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

## COUNT XII
### NEGLIGENT SUPERVISION
**Plaintiff Boardman v. Defendant Brown's Super Stores, Inc.**

133. The answering defendant incorporates by reference herein its answers to paragraphs 1 through 132 inclusive as though the same were here set forth fully and at length.

134. The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and hence, they are denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which attorney's fees, costs, punitive damages or any damages may be awarded.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because plaintiff's claims for punitive damages in this lawsuit is a request to impose economic sanctions in violation of the sovereignty of other states, because any such recovery would violate Brown's rights under Article I, Section 9 of the United States Constitution, because an award of punitive damages is a violation of the Contract Clause of the United States Constitution, because an award of punitive damages is a violation of the Double Jeopardy Clause of the United States Constitution, and because Pennsylvania's, and any other applicable state's, scheme for punitive damages, and the Jury Instructions for punitive damages, violate the Due Process Clauses of the Fifth And Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and any other applicable state constitution, for the reasons set forth above.

### FOURTH AFFIRMATIVE DEFENSE

This defendant asserts all of its constitutional defenses to punitive damages under both the United States Constitution and any applicable state Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff seeks to make Brown's liable for punitive damages. This defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996)*, *Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S. Ct. 1678 (2001)*, and *State Farm Mutual Automobile Insurance Company v. Campbell, 123 S. Ct. 1513 (2003).*

## SIXTH AFFIRMATIVE DEFENSE

The answering defendant complied with all federal, state and local statutes, regulations and ordinances in effect.

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendant is immune from suit pursuant to the Pennsylvania Retail Theft Act, 18 Pa. C.S.A. §3929.

WHEREFORE, the answering defendant demands judgment in its favor and against plaintiff together with costs.

### CROSS-CLAIM OF DEFENDANT, BROWN'S SUPER STORES, INC., AGAINST DEFENDANTS, CITY OF PHILADELPHIA, OFFICER SMITH AND OFFICER JOHN DOE

Defendant, Brown's Super Stores, Inc., while denying any and all liability to plaintiff, states that if plaintiff sustained any injuries and/or damages, said injuries and/or damages were caused by the negligence/conduct of defendants, City of Philadelphia, Officer Smith and Officer John Doe, who are alone liable to plaintiff and/or jointly and severally liable and/or liable over to the answering defendant for contribution and/or indemnity.

WHEREFORE, defendant, Brown's Super Stores, Inc., demands judgment in its

favor and against defendants, City of Philadelphia, Officer Smith and Officer John Doe, together with costs.

## JURY DEMAND

Defendant, Brown's Super Stores, Inc., demands a trial by jury.

**McBREEN & KOPKO**

By: /s/Thomas J. Bradley
Thomas J. Bradley, Esquire
Attorney ID #: 33467
1600 Market Street, Suite 1805
Philadelphia, PA 19103
215-864-2600
215-864-2610 - Fax
tjbradley@mcbreenkopko.com

Attorney for Defendant,
Brown's Super Stores, Inc.

Dated: May 20, 2013

## **CERTIFICATE OF SERVICE**

I certify the defendant's, Brown's Super Stores, Inc., Answer to plaintiff's Complaint was electronically filed with the United States District Court for the Eastern District of Pennsylvania on May 20, 2013.

**McBREEN& KOPKO**

By: /s/Thomas J. Bradley
Thomas J. Bradley, Esquire